1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

CORINA FOX,

12           Plaintiff,

13      v.

14  COMMISSIONER OF SOCIAL SECURITY,

15           Defendant.

16

Case No.  1:22-cv-01466-CDB (SS)

ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)

(Doc. 29)

17      Pending before the Court is the parties' stipulated motion for award of attorney's fees

18  pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 29).  The

19  parties agree to an award of attorney's fees to counsel for Plaintiff Corina Fox ("Plaintiff"),

20  Melissa Newel, in the amount of $8,298.22 pursuant to the EAJA, 28 U.S.C. § 2412(d).  *Id.*

21      On January 8, 2024, the Court entered an order on the parties' stipulation to grant voluntary

22  remand and remanded this matter to the Commissioner for further proceedings pursuant to

23  sentence four of 42 U.S.C. § 405(g).  (Doc. 27).  Judgment was entered the same day.  (Doc. 28).

24  On February 12, 2024, Plaintiff filed the pending stipulated motion for attorney fees.  (Doc. 29).

25      Plaintiff requests an award of attorney fees and expenses as the prevailing party.  *Id.*; *see*

26  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a

27  sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's request

28  is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

1

1    The EAJA provides for an award of attorney fees to private litigants who both prevail in

2   civil actions (other than tort) against the United States and timely file a petition for fees.  28

3   U.S.C. § 2412(d)(1)(A).   Under the EAJA, a court shall award attorney fees to the prevailing

4   party unless it finds the government's position was "substantially justified or that special

5   circumstances make such an award unjust."  *Id*.  Here, the government did not show its position

6   was substantially justified and the Court finds there are no special circumstances that would make

7   an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.  (Doc.

8   29).  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan.

9   23, 2018) (finding position of the government was not substantially justified in view of the

10   Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12-cv-2726 DAD, 2014 WL

11   5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

12    Plaintiff requests an award of $8,298.22 in EAJA fees.  (Doc. 29).  The Ninth Circuit

13   maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for

14   increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-

15   77 (9th Cir. 2005).  Even assuming Plaintiff's counsel seeks the published maximum hourly rate

16   for 2023 ($244.62),[1] the requested award would amount to approximately 34 hours of attorney

17   time (not accounting for any paralegal time expended).  The Court has reviewed the docket and

18   finds this reasonable and commensurate with the number of hours an attorney reasonably would

19   need to have spent reviewing the certified administrative record in this case (over 1,200 pages)

20   and preparing a motion for summary judgment raising three issues for review.  (Docs. 13, 19).

21   With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding

22   the case for further administrative proceedings.  (Docs. 27-28).

23    EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

24   Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner

25   determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset

26   allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

27

28

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited February 12, 2024).

1    Accordingly, it is HEREBY ORDERED:

2    1.  Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 29) is

3        GRANTED; and

4    2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in

5        the amount of $8,298.22.  Unless any offsets are applied under TOP, the government shall

6        make payment of the fees to Plaintiff's counsel, Melissa Newel, in accordance with

7        Plaintiff's assignment of fees and subject to the terms of the stipulation.

8    IT IS SO ORDERED.

9        Dated:    **February 12, 2024**    _____

10                                              UNITED STATES MAGISTRATE JUDGE